UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STACEY VANDERHOOF,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. 3:23-cv-05570-TLF

ORDER DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT UNDER FRCP 59(e)

Before the court is plaintiff's motion to alter or amend the Court's Judgment affirming the Administrative Law Judge's ("ALJ") decision. Dkt. 23. For the reasons discussed below, the Court denies plaintiff's motion.

Plaintiff argues the Court made a clear error of law by missing an issue, namely: the ALJ's failure to include a limitation requiring an ankle foot orthosis (AFO) in the RFC and hypothetical question. Dkt. 23.[1] Plaintiff argues that there remains a question of whether she could perform the jobs while wearing an AFO. *Id*. at 3. Plaintiff alleges that the Court erred by only addressing hand-held assistive devices, not the AFO. *Id*.

I.    Legal Standard

---

[1] An ankle foot orthosis is a brace or splint, a device made from a molded sheet of plastic and it conforms around the calf and plantar foot that is used for the condition known as foot drop. Foot drop is a neurological condition and a person who experiences foot drop would find it difficult to lift their foot off the ground. *See, Anthony P-B. v. Kijakazi,* 4:21 CV 835 JMB, 2022 WL 4234988 at *1- 2 & n.1, *8 -9 (E.D. Mo. Sept. 14, 2022); *Erin B. v. Commissioner of Social Security,* 5:21-CV-248 (CFH), 2022 WL 2355429 at *1, *12 (N.D. N.Y. June 30, 2022); *Jones v. Colvin,* 15cv6134 (DF), 2017 WL 1321015 at *7, n. 18 (S.D. N.Y. March 31, 2017).

ORDER DENYING PLAINTIFF'S MOTION TO AMEND
JUDGMENT UNDER FRCP 59(E) - 1

Pursuant to Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend judgement within 28 days after entry of the judgment. In general, there are four grounds that would support a Rule 59(e) motion: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; or (2) necessary to present newly discovered or previously unavailable evidence; or (3) necessary to prevent manifest injustice; or (4) justified by an intervening change in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc), *cert. denied*, 529 U.S. 1082 (2000)). However, "amending a judgment after its entry remains an extraordinary remedy which should be used sparingly." *Allstate*, 634 F.3d at 1111 (internal quotation marks omitted). Amendment of judgment is sparingly used to serve the dual "interests of finality and conservation of judicial resources." *See Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

II.   Analysis

In the opening brief, plaintiff argued that the step five jobs identified by the ALJ were not supported by substantial evidence because the ALJ did not include the need for an AFO in the question posed to the VE or in the resulting RFC assessment. Dkt. 10 at 6-7. Plaintiff cited *Leach v. Kijakazi*, 70 F.4th 1251, 1256 (9th Cir 2023) as support for the proposition that "[t]he RFC and hypothetical question must include every limitation in the record not rejected, or else the step five finding will lack the support of substantial evidence." *Id*. at 6.

The Ninth Circuit in *Leach* held that if the ALJ inaccurately describes the plaintiff's limitations to the VE then the VE's testimony cannot serve as substantial

1  evidence that supports the decision, however, the Court stated it is appropriate to

2  "affirm nevertheless if the ALJ's failure to include all of the claimant's limitations was

3  harmless." *Leach*, 70 F.4th at 1255.

4        Here plaintiff did not show harmful error on the part of the ALJ. *See Stout v.*

5  *Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). In making an RFC

6  determination, an ALJ assesses whether the plaintiff has a limitation in the ability to

7  perform the following physical demands of work: "sitting standing, walking, lifting,

8  carrying, pushing, pulling, or other physical functions (including manipulative or postural

9  functions, such as reaching, handling, stooping, or crouching)." C.F.R. § 404.1545(b);

10  C.F.R. § 416.945. In the opening brief, plaintiff stated that the ALJ erred by not including

11  "Plaintiff's need for an AFO on the left for any standing or walking on any terrain." Dkt.

12  10 at 6.

13        Yet, the ALJ is not required to discuss every item of medical evidence; plaintiff

14  failed to identify additional limitations stemming from the use of an AFO that would not

15  be accounted for with the use of a cane, particularly considering that the VE went on to

16  suggest that even if plaintiff were limited to sitting, the identified jobs could still be

17  performed. *See* AR 1227. *See Pryor v. Astrue,* 5:09-cv-00392 JWC, 2011 WL 775914 at

18  *6-7 (E.D. Ark. Mar. 2, 2022).

19        Plaintiff also argues the Court's Order (Dkt. 21) included legal analysis that went

20  beyond the arguments raised by the responding brief, (Dkt. 23, at 2-3, citing *Indep.*

21  *Towers of Wash. v. Washington,* 350 F.3d 925, 929 (9th Cir. 2003)) and that the Court

22  upheld the ALJ for a reason that was not relied upon by the ALJ. Dkt. 23, at 2; Dkt. 25,

23

24

25

ORDER DENYING PLAINTIFF'S MOTION TO AMEND
JUDGMENT UNDER FRCP 59(E) - 3

reply brief, at 3 (citing, *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017)). *See* Dkt. 21 at 7-8; *See also* AR 1226-27.

The Social Security disability hearing process is non-adversarial. *Sims v. Apfel,* 530 U.S. 103, 109-112 (2000). In an appeal, the federal courts normally address only the clearly identified issues that have been argued by the parties. *AMA Multimedia, LLC v. Wanat,* 970 F.3d 1201, 1214-1215 (9th Cir. 2020). The courts apply the "party presentation" rule, but "it is supple, not ironclad." *United States v. Sineneng-Smith,* 590 U.S. 317, 375 (2020).

In this case, the Commissioner's responsive brief (Dkt. 16) discussed the opinion of Dr. Hurley and how the ALJ limited plaintiff's RFC to two hours of standing or walking (instead of six), and occasional use of a cane for ambulation. Dkt. 16 at 12. The responsive brief also asserts the AFO was properly not addressed by the ALJ in formulating the RFC. Dkt. 16 at 15-17. Although the defendant did not have a sub-heading for harmless error analysis, the discussion pertains to whether there was any harmful error by lack of mentioning the AFO as necessary for plaintiff's ability to perform work, in the RFC. *Id.* at 16 ("But Plaintiff neither points to evidence that use of the AFO is *precluded* by varying terrains, nor evidence that any of the light, unskilled jobs identified by the ALJ at step five would require her to venture into terrain inhospitable to AFOs"). The response brief also addresses a potential argument about the hypothetical to the Vocational Expert. *Id.* at 16-17.

The Court did not venture into unbriefed arguments; but even if the Court's analysis was slightly different from the discussion by the parties, it was within the "supple, not ironclad" party presentation rule. *See Sineneng-Smith,* 590 U.S. at 375.

III.   Conclusion

For these reasons, the Commissioner's motion to amend judgment is DENIED.

Dated this 26th day of August, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION TO AMEND
JUDGMENT UNDER FRCP 59(E) - 5